IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IVAN FOSTER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-4820 |
| | : | |
| U.S. DEPARTMENT OF | : | |
| VETERANS AFFAIRS, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

**HODGE, J.**                                                                                       **JANUARY    8, 2024**

    Plaintiff Ivan Foster brings this action pursuant to the Veterans' Benefits Act of 1957, 38 U.S.C. §§ 101, *et seq.*, and he also alleges violations of his civil rights with respect to his claims for benefits made to the U.S. Department of Veterans' Affairs ("VA"). Currently before the Court are Foster's *pro se* Complaint (ECF No. 1) and his Motion to Proceed *In Forma Pauperis* (ECF No. 4). Because it appears that Foster is unable to pay the filing fee, the Court will grant him leave to proceed *in forma pauperis*. For the following reasons, Foster's Complaint will be dismissed for lack of subject matter jurisdiction.

**I.      FACTUAL ALLEGATIONS**[1]

    Foster, a veteran of the United States Army,[2] alleges that he "is eligible for benefits from the US Department of Veterans Affairs which have been illegally denied by the Philadelphia Pa. Regional Office on three occasions and still ongoing" for injuries he sustained in May 1984

---

[1] The factual allegations set forth in this Memorandum are taken from Foster's Complaint and the exhibits attached thereto. (*See* Compl. (ECF No. 1.)) The Court adopts the continuous pagination supplied to the Complaint by the CM/ECF docketing system.

[2] Foster avers that he was honorably discharged from the United States Army on July 9, 1984. (Compl. at 1, 15.)

during basic/active duty training at Fort Jackson.[3] (Compl. at 1.) Foster asserts claims against the VA, John Does 1-10, and Jim Does 1-10, who he asserts are "unknown federal agents" employed by the Veterans Affairs Regional Office located in Philadelphia, Pennsylvania.[4] (*Id.* at 2, 4, 15, 17.) In summary, Foster asserts claims against the Defendants with respect to rating decisions issued on January 20, 2023 and May 17, 2023, as well as the denial of his January 25, 2023 "CUE [Correctible Unmistakable Error]" request. (*Id.* at 2-7, 13-14.)

Foster alleges that on January 20, 2023, "unknown federal agents John Does 1-10 issued a rating decision" in violation of his rights to equal protection and due process guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution because they misrepresented his service treatment record by stating that he did not sustain any service injuries, even though his records indicated that he suffered a right knee injury during service. (*Id.* at 10, 13-14.) Foster further avers that the John Doe Defendants violated his Fifth and Fourteenth Amendment rights to a "fair and meaningful process" by refusing to consider the independent medical opinion ("IMO") of his physician, Dr. Gabriela Chaviano, and by refusing to grant him a CUE review with respect to the IMO. (*Id.* at 6-7, 10-11, 13-14, 15-16.)

With respect to the May 17, 2023 rating decision, Foster alleges that the Jim Doe Defendants violated his constitutional rights by failing to consider "all of the evidence in [his]

---

[3] Foster avers that he sustained a right knee injury on May 7, 1984, and on May 21, 1984, he sustained injuries to his left leg, wrist, and ear. (Compl. at 1-2, 15.) More specifically, Foster alleges that "he separated his right knee cap and injured his right knee meniscus on 5/7/1984 and due to the bone bulge at the bottom of his left knee cap[,] he fractured his left tibia on 5/21/1984." (*Id.* at 6.) Foster filed claims for benefits in March of 2022 and on November 8, 2022, and he filed a supplemental claim on November 17, 2022 for chronic pain, right knee condition, degenerative arthritis, osteoarthritis, post traumatic muscle injury, and painful joints. (*Id.* at 2-4.)

[4] Foster avers that John Does 1-10 participated in the January 20, 2023 rating decision, while Jim Does 1-10 participated in the May 17, 2023 rating decision. (Compl. at 9.)

service treatment records" and the IMO of Dr. Chaviano. (*Id.* at 11, 13-14, 17-18.) Foster avers that the Jim Doe Defendants misrepresented the evidence by stating that he did not suffer a thigh injury and that his right knee injury only lasted a day. (*Id.* at 11, 17-18.) Foster also contends that the Jim Doe Defendants violated 38 U.S.C. § 5109 by failing to assist him in developing his claims and by refusing to send him for an examination to determine the existence of his injuries. (*Id.* at 11, 18.)

Foster avers that the Defendants' conduct has caused him to suffer from "chronic homelessness, financial hardship and difficulty getting proper medical care from the Veterans Administration." (*Id.* at 12.) Foster avers that he is "being deprived of priority claims handling for terminally ill and homeless veterans . . . and is being forced to enter into a lengthy appeals process, . . . all in violation of the Equal Protection and Due process clauses of the Fifth and Fourteenth Amendments of the US Constitution solely because he is black." (*Id.*) Foster seeks injunctive relief in the form of "temporary VA health care and emergency housing in a hotel" as well as monetary and punitive damages. (*Id.* at 20.)

II.   **STANDARD OF REVIEW**

The Court will grant Foster leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fee to commence this civil action. When allowing a plaintiff to proceed *in forma pauperis*, however, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a

court may raise jurisdictional issues *sua sponte*"). The plaintiff, as the party commencing an action in federal court, bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))). As Foster is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

## III.  DISCUSSION

This Court lacks jurisdiction to review the denial of his claims for benefits by the VA, regardless of any perceived errors Foster believes led to those denials.[5] "As amended by the Veterans Judicial Review Act, Pub.L. No. 100-687, 102 Stat. 4105 (1988) (VJRA), the Veterans' Benefits Act of 1957, Pub.L. No. 85–56, 71 Stat. 83, precludes judicial review in Article III courts of VA decisions affecting the provision of veterans' benefits[.]" *Price v. United States*, 228 F.3d 420, 421 (D.C. Cir. 2000) (citing 38 U.S.C. § 511(a)). Section 511(a) of the Veterans' Benefits Act provides that the Secretary of the VA "shall decide all questions of law and fact necessary to a decision . . . under a law that affects the provision of benefits . . . to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a). Subjected to limited exceptions, "the decision of the Secretary as to any such question shall be final and conclusive and may not be

---

[5] Foster attempts to raise his denial of benefits claims pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). (Compl. at 8.) However, the Veterans Judicial Review Act precludes this Court from reviewing those decisions, regardless of how a plaintiff characterizes them. *See* 38 U.S.C. § 511(a); *Jayme v. United States*, No. 10-3248, 2011 WL 4412431, at *3 (D.N.J. Sept. 21, 2011) ("[A] plaintiff cannot simply characterize his challenge to a benefits determination as a constitutional claim in order to overcome the jurisdictional bar of 38 U.S.C. § 511[.]"); *Magner v. Dep't of Veterans Affairs*, No. 14-2873, 2015 WL 4623451, at *2 (D.N.J. Aug. 3, 2015) ("The VJRA creates an exclusive review procedure by which veterans may resolve their disagreements with the Department of Veterans Affairs.").

reviewed by *any other official or by any court*, whether by an action in the nature of mandamus or otherwise." *Id.* (emphasis added). "The exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of Veterans Appeals and from there to the United States Court of Appeals for the Federal Circuit." *Price*, 228 F.3d at 421 (collecting cases).

As the United States Court of Appeals for the District of Columbia Circuit recognized in *Price*, this Court lacks jurisdiction to consider Foster's federal claim made under Title 38 "because underlying the claim is an allegation that the VA unjustifiably denied him a veterans' benefit." *Id.* That is precisely what Foster contends in this case, and the Court is precluded from exercising jurisdiction over his challenge to the denial of benefits. To the extent Foster disagrees with the VA's decision on his benefits claim, he must "choose from 3 decision review options . . . a Supplemental Claim, a Higher-Level Review, or a Board Appeal." (*See* U.S. Dep't of Veterans' Affairs, Choosing a Decision Review Option, https://www.va.gov/resources/choosing-a-decision-review-option/ (last reviewed Jan. 4, 2024).) If Foster elects to pursue any of these options and disagrees with the result of the decision review process, additional options remain for him to seek further review, including but not limited to bringing an appeal from an unfavorable decision to the Board of Veterans' Appeals, and then – if necessary – to the Court of Appeals for Veterans Claims, the Court of Appeals for the Federal Circuit, and the United States Supreme Court. *See Noble v. Cooper*, No. 07-4528, 2010 WL

3769080, at *5 (E.D. Pa. Sept. 28, 2010) (collecting cases). Accordingly, the Court will dismiss Foster's Complaint without prejudice to his right to seek relief in the proper forum.[6]

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Foster leave to proceed *in forma pauperis* and dismiss his claims without prejudice for lack of subject matter jurisdiction. An appropriate Order follows.

**BY THE COURT:**

**/s/ Hon. Kelley B. Hodge**

**KELLEY BRISBON HODGE, J.**

---

[6] This Court offers no opinion on whether Foster will be permitted to proceed in the proper forum or on the merits of his potential claims.